UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GERARDO AGUILAR TORRES,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>YANKTON FPC, WARDEN,<br><br>　　　　　　　　Respondent. | 4:21-CV-04055-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

　　　　Petitioner, Gerardo Aguilar Torres, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Torres seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 6, 8. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order.

　　　　Respondent now moves to dismiss Torres's petition for failure to exhaust administrative remedies, for lack of subject-matter jurisdiction, and for failure to state a claim. Docket 13. The Magistrate Judge entered a report and recommendation recommending Torres's petition be dismissed without prejudice for lack of subject-matter jurisdiction. Docket 21 at 7. Torres did not file objections to the Magistrate Judge's report and recommendation. After de novo review of the record, this court rejects the Magistrate Judge's report and recommendation and grants respondent's motion to dismiss on other ripeness grounds.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Respondent states that Torres has a projected release date of September 2, 2022, via a good conduct time release. Docket 14 at 2. In his initial petition, Torres did not indicate how many First Step Act (the "Act") time credits he believed he had earned, but he did state that he was due immediate release. Docket 1 at 2. In his response to respondent's motion to dismiss, he claims that he has now earned a total of 10.5 months of time credits through participation in evidence-based recidivism reduction programming and productive activities. Docket 18 at 1. Respondent states that Torres has completed 500 hours, or 62.5 days, of programming and activities. Docket 14 at 27.

In her report and recommendation, the Magistrate Judge found that the court lacks subject-matter jurisdiction over Torres's petition because the BOP has no duty under the Act to apply Torres's time credits until January 15,

2022. Docket 21 at 4-7. Before discussing that issue, however, the court must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. *See* 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). Here, Torres has raised several challenges to the BOP's rulemaking decisions in his response to respondent's motion to dismiss. *See* Docket 18 at 2. But he did not raise those challenges in his initial petition, and he did not preserve those challenges by

3

objecting to the Magistrate Judge's failure to include them in her report and recommendation. Thus, these challenges are not before the court.

Torres is the proper party to bring this claim. But there is not at this time and might never be a time when Torres has a valid claim that he will lose days of time credits to which he is entitled under the Act. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of Torres's projected release date of September 2, 2022, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Torres's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court rejects the Magistrate Judge's report and recommendation dismissing this matter for lack of subject-matter jurisdiction on other ripeness grounds and dismisses Torres's petition.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 13) is granted. Torres's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.

2. That the Magistrate Judge's report and recommendation (Docket 21) is rejected.

Dated January 13, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
